**XIU LIN, Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General, Respondent.**

**No. 06–4682–ag.**

United States Court of Appeals, Second Circuit.

June 19, 2007.

Douglas B. Payne, New York, NY, for Petitioner.

Alice H. Martin, United States Attorney for the Northern District of Alabama, Jenny L. Smith, Assistant United States Attorney, Birmingham, AL, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. ROBERT D. SACK and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Xiu Lin, a native and citizen of China, seeks review of a September 15, 2006 order of the BIA affirming the April 27, 2005 decision of Immigration Judge ("IJ") Gabriel C. Videla denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In Re Xiu Lin,* No. A96 006 848 (B.I.A. Sept. 15, 2006),

*aff'g* No. A96 006 848 (Immig. Ct. N.Y. City Apr. 27, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

Upon review, we find that the IJ's adverse credibility determination is supported by substantial evidence. We give strong deference to the IJ's demeanor finding, which was based on his observations of Lin's behavior during the hearing. *See, e.g., Zhou Yun Zhang,* 386 F.3d at 73. The IJ also reasonably relied upon Lin's failure to mention, at either her airport or her credible fear interviews, her assertions that she practiced Falun Gong or that she was sought for an IUD insertion as punishment for her involvement with the Falun Gong movement was detrimental to her credibility. *See Xu Duan Dong v. Ashcroft,* 406 F.3d 110, 112 (2d Cir.2005). In addition, the IJ did not err in rejecting Lin's explanation that she was nervous and forgot to mention the information. *See Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 396, 397 n. 6, 399 n. 8 (2d Cir.2005).

The IJ's conclusion that Lin provided internally inconsistent testimony regarding whether she personally spoke to the government officials when they raided her bookstore was supported by substantial evidence. While we might otherwise fault the IJ's reliance on Lin's inability to name all five movements of Falun Gong, *see*

*Rizal v. Gonzales,* 442 F.3d 84, 90 (2d Cir.2006), in this case the IJ could reasonably question her credibility when, after testifying that she was familiar with all of them, she could name only three. Lastly, the IJ reasonably concluded that Lin failed to present sufficient corroborating evidence to rehabilitate her testimony that had been called into question. *See Zhou Yun Zhang,* 386 F.3d at 78.

We find that all of the factors upon which the IJ relied in making his adverse credibility determination are supported by the record. In addition, the omissions and inconsistencies relate directly to material elements of Lin's claims. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 308–09 (2d Cir.2003). Accordingly, the IJ's adverse credibility determination is supported by substantial evidence and was a sufficient basis for denying Lin's asylum claim.

Because the only evidence of a threat to Lin's life or freedom depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on her claim for withholding of removal. *See, e.g., Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Finally, we deem Lin's CAT claim waived because she failed to challenge it in her brief to this Court. *See Jian Wen Wang v. BCIS,* 437 F.3d 276, 278 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.